**LIMPERT BROTHERS, INC.,**
**Petitioner,**

v.

**NATIONAL LABOR RELATIONS**
**BOARD, Respondent.**

**Nos. 85–3587, 86–3018.**

United States Court of Appeals,
Third Circuit.

Sept. 5, 1986.

Before ALDISERT, Chief Judge, SEITZ, ADAMS, GIBBONS, WEIS, HIGGIN-

BOTHAM, SLOVITER, BECKER, STAPLETON and MANSMANN, Circuit Judges.

GIBBONS, Circuit Judge.

The petition for rehearing filed by petitioner in the above entitled case having been submitted to the judges who participated in the decision of this court and to all the other available circuit judges of the circuit in regular active service, and no judge who concurred in the decision having asked for rehearing, and a majority of the circuit judges of the circuit in regular active service not having voted for rehearing by the court in banc, the petition for rehearing is denied.

Statement of Circuit Judge WEIS Sur Petition for Rehearing.

I have remonstrated on numerous occasions against issuance of bargaining orders by the Board because they deprive employees of their right to select a bargaining representative through a secret ballot. *See e.g. NLRB v. Keystone Pretzel Bakery, Inc.,* 696 F.2d 257, 266 (3d Cir.1982); *Electrical Products Div. of Midland-Ross Corp. v. NLRB,* 617 F.2d 977, 989 (3d Cir. 1980). However, my views do not command a majority of the members of this court, and my role as an appellate judge requires that I abide by the precedent set by the court.

The arguments made by the employer in his petition for rehearing on the credibility of various witnesses are strong indeed, but our review of the evidence is severely limited by statute. In appeals from the Board we must affirm its findings if they are supported by substantial evidence. We are not free to reweigh the evidence nor are we permitted to decide a case as we might have had we conducted the original hearing.

Because of the limitations imposed by precedent and the restricted scope permitted by statute, I join in the order denying panel rehearing.